IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                                 ) | |
|     Plaintiff,                  ) | |
|                                 ) | |
| v.                              ) | CIVIL ACTION NO. 07-0875-CG-B |
|                                 ) | |
| THU NGUYEN, aka Nguyen Thu, Thu Tony ) | |
| Le, Thu Le, Thu Lee, Thu Lenguyen, Thu T. ) | |
| Nguyen, Thu Tony Nguyen, Thu L. Nguyen, ) | |
| Thu Tony Le Nguyen, Thu Tony Lee Nguyen ) | |
|                                 ) | |
|     Defendant.                  ) | |

**ORDER**

On December 20, 2007, the Government instituted this action to obtain a civil judgment for a final civil monetary penalty administratively assessed and imposed against the defendant, Thu Nguyen (hereinafter "Nguyen"), for his wrongful importation of counterfeit purses and wallets. On June 13, 2008, the Government filed a motion for summary judgment. (Doc. 11). On July 10, 2008, Nguyen filed his opposition to the Government's motion and submitted his own affidavit as the lone evidence opposing entry of summary judgment. (Doc. 18). On September 5, 2008, the Government filed a motion to strike Nguyen's affidavit asserting that it was "filed by him in bad faith for purposes of delay and as containing untrue statements." (Doc. 32). On August 28, 2009, this court granted the Government's motion for summary judgment, awarding $80,980.00 plus interest, and granted in part and denied in part the Government's motion to strike Nguyen's affidavit.[1] (Doc. 34, p. 19; Doc. 35). In that order, this court determined that Nguyen filed his

---

[1] This court also recognized in this order that the defendant's attorney had been suspended from the practice of law and that no new attorney had filed a notice of appearance.

affidavit in bad faith and ordered Nguyen to pay the Government the reasonable expenses and attorneys' fees it incurred as a result of the filing of the affidavit.  (Id., p. 10).  This matter is now before the court on the Government's motion to approve costs and expenses and reduce such amount to judgment.  (Doc. 36).  The court notes that Nguyen has not filed any objection to the Government's accounting or requested rates.

In Hensley v. Eckerhart, the Supreme Court explained that the starting point for determining a "reasonable" fee is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  The applicant bears the burden of establishing entitlement and documenting the reasonable hours expended and reasonable hourly rates.  461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); see also Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).  However, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations.  Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citing Davis v. Bd. of Sch. Comm'rs of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976)).

The government proposes two different hourly rates.  First, relying on Thacick v. Ashcroft, Civil Action No. 02-0401-CB-M (S.D.Ala. Nov. 18, 2004) (Doc. 36-3), the Government proposes an hourly rate of $250.00 "as recompense for the additional work required solely by the contumacious conduct of Defendant and/or his legal counsel." (Doc. 36, p. 2).  In light of the circumstances of this case, the court finds this hourly rate to be unreasonable.  Alternatively, the Government proposes a $161.45 hourly rate for work done in 2008 and a $166.22 hourly rate for

---

(See Doc. 34, p. 19 n. 6).

work done in 2009.[2] (Doc. 36, pp. 4-5; see Doc. 36-1; Doc. 36-2).  The court finds this proposed hourly rate reasonable.  In regards to the number of hours expended, the Government provided a declaration of  AUSA Gary Alan Moore and an exhibit which reflects a total of 93.75 hours expended solely as a result of Nguyen's bad faith affidavit.  Of that, 86.75 hours were expended in 2008 and 7.0 hours were expended in 2009.  (See Doc. 36-2).  Upon review of the declaration and accompanying exhibit, this court finds the proposed hours expended to be reasonable.  Therefore, the Government is entitled to $14,005.79 in attorneys' fees for 2008 and $1,163.54 in attorneys' fees during 2009.

In addition, the Government is asking for $1,244.00 in expenses relating to a deposition taken after Nguyen filed his affidavit.  (Doc. 36, p. 3).  The Government provided an invoice from Lois Robinson & Associates establishing a breakdown of such expenses.  (See Doc. 36-2, p. 10). The court finds these expenses to be reasonable.

## CONCLUSION

For the above stated reasons, the Government's motion to approve costs and expenses and reduce such amount to judgment is **GRANTED,** and the Government is hereby awarded **a total of $16,413.33 for attorneys' fees and costs**.

**DONE and ORDERED** this 2nd day of December, 2009.

       /s/ Callie V. S. Granade
       CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Government reached these numbers by taking Assistant U.S. Attorney (AUSA) Gary Alan Moore's annual salary divided by the total number of hours he has worked in a year which gives an hourly salary rate.   That number is then multiplied by the hourly benefit's rate. That number is then added to the hourly salary rate and also the Department of Justice overhead hourly rate.  The total of adding those three numbers yields a $161.45 hourly rate for work done in 2008 and an $166.22 hourly rate for work done in 2009.  (See Doc. 36, pp. 4-5).